CSD 1177 [05/20/10]
Name, Address, Telephone No. & I.D. No.

Jason E. Turner, No. 160590
J. TURNER LAW GROUP
823 Anchorage Place
Chula Vista, CA 91914
Ph: (619) 684-4005

Order Entered on
March 29, 2011
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

DANIEL ARZAGA and JULIE ARZAGA

BANKRUPTCY NO. 10-09537-MM13

Debtor.

## APPLICATION FOR COMPENSATION AND CONFIRMATION OF CHAPTER 13 PLAN; AND ORDER THEREON

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through __3__ with exhibits, if any, for a total of __2__ pages, is granted.

//
//
//
//
//
//

DATED: March 29, 2011

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

J. TURNER LAW GROUP
(Firm name)

By: /s/ Jason E. Turner
    Attorney for Debtor(s)

_____
Judge, United States Bankruptcy Court

CSD 1177

CSD 1177 [05/20/10] (Page 2)
APPLICATION FOR COMPENSATION AND CONFIRMATION OF CHAPTER 13 PLAN; AND ORDER THEREON
DEBTOR: ~~DANIEL ARZAGA and JULIE ARZAGA~~    CASE NO: 10-09537-PB13

## I. APPLICATION FOR CONFIRMATION AND ALLOWANCE OF COMPENSATION:

The undersigned attorney for the above-referenced Debtor(s):

A. Represents that the Section 341(a) meeting is concluded in this chapter 13 case and that the Debtor(s) Plan, as that term is defined in paragraph II(A) below, complies with Section 1322 and 1325(a) of the Bankruptcy Code.

B. Represents that a Rights and Responsibility Statement was signed by the Debtor(s) and filed in this chapter 13 case on  5/28/10; filed 5/31/10  and that the fees set forth in paragraph I(C) do not exceed the applicable presumptive guideline fees as established by General Order 173 of this Court.

C. Represents that the paid and unpaid attorneys' fees and costs in this case are as follows:

   1. The agreed initial fee for attorney services:  $ 3,300.00 ;
   2. Additional fees not part of initial fee:  $ 450.00 ;

   (Specify referencing any relief from stay or adversary proceeding number as relevant):

   Motion to value Debtors' Residence and to Strip 2nd Lien Thereon (additional fees authorized by Court's Oct. 23, 2010 Order Granting said Motion)

   3. Total fees received to date:  $ 1,750.00 ;
   4. Total unpaid balance of fees:  $ 2,000.00 ;

D. Requests that this Court:

   1. Confirm the Debtor(s) Plan; and
   2. Allow fees as set forth in paragraph I(C) above.

## II. ORDER CONFIRMING DEBTOR(S) PLAN AND ALLOWING ATTORNEYS FEES

Upon considering the foregoing application, IT IS HEREBY ORDERED THAT:

A. The debtor(s) plan dated  6/10/2010  and, if applicable, as amended by pre-confirmation modification(s) dated  2/11/2011  ("Debtor(s) Plan") is confirmed.

B. Attorneys' fees and costs are allowed as set forth in paragraph I(C) above, and any unpaid fees shall be paid as provided for in the Debtor(s) Plan.

C. Nothing in this order or the Debtor(s) Plan shall be construed to have issue or claim preclusive effect on any debt nondischargeable under 11 U.S.C. 1328(a) unless a separate order of the court expressly so provides.

*/s/Thomas H. Billingslea*

Approved as to form and content by Chapter 13 Trustee submission of this Order:

/s/ Thomas H. Billingslea, Trustee

CSD 1177

*Signed by Judge Peter W. Bowie March 29, 2011*

APPLICATION FOR COMPENSATION & CONFIRMATION OF
CHAPTER 13 PLAN; AND ORDER THEREON                    No. 10-09537-MM13

Debtors: DANIEL ARZAGA and JULIE ARZAGA

II. (Continued)

Lien-stripping order was granted on October 23, 2010

Based on said order,   IT IS HEREBY FURTHER ORDERED THAT:

1. The value of Debtors' residence, which is the real property commonly known as 1585 Chaparral Drive, Bonita, CA 91902, is $540,000; and
2. Pursuant to 11 U.S.C. Section 1322(b), the second deed of trust lien of PNC Bank ("Lien") on the real property at 1585 Chaparral Drive, Bonita, CA 91902, together with the claim of $203,365.00 attributable to such Lien, are determined to be completely unsecured; and
3. That upon completion of all plan payments and entry of a discharge in this case pursuant to 11 U.S.C. Section 1328, the Lien will be void and will not constitute an encumbrance on the above-described real property; and
4. That upon completion of all payments and entry of a discharge in this case, the holder of the Lien is ordered to reconvey the Deed of Trust and otherwise take such steps as are required to clear title, free of said Lien, as to the above-described property; and
5. That should this case be dismissed or converted to another chapter under title 11 prior to completion of plan payments and entry of a discharge pursuant to 11 U.S.C. Section 1328, the Lien shall remain valid; and
6. Additional fee is permitted to Debtors' counsel.

/s/Thomas H. Billingslea

Signed by Judge Peter W. Bowie March 29, 2011